**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

CHARLES WYCHE,

                Plaintiff,

v.    No. 1:18-CV-567 (LEK/CFH)

NISKAYUNA CENTRAL SCHOOL DISTRICT;
NISKAYUNA CENTRAL SCHOOL DISTRICT
BOARD OF EDUCATION; CARRIE NYC-
CHEVRIER; DEBORAH MARRIOTT,;
WILLIAM GARRISON, JR.; ANTHONY
LENTO; SHAWN H. KING, SR.; MARK A.
TREANOR; COSMINO TANGERO, JR.,

                Defendants.

---

**APPEARANCES:**

Charles Wyche
P.O. Box 493
Middleburgh, New York 12122
Plaintiff pro se

### REPORT-RECOMMENDATION & ORDER

Plaintiff pro se Charles Wyche commenced this action on May 11, 2018 with the filing of a complaint. Dkt. No. 1 ("Compl."). In lieu of paying this Court's filing fee, he submitted a motion to proceed in forma pauperis ("IFP"). Dkt. No. 2. The undersigned has reviewed plaintiff's IFP application and determines that he may properly proceed IFP.[1] Presently pending before the undersigned is review of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[1] Plaintiff is advised that although he has been granted IFP status, he is still required to pay any fees and costsshe may incur in this action, including but not limited to copying fees, transcript fees, and witness fees.

### I. Initial Review

### A. Standard of Review

Section 1915 of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Where, as here, the plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted); see also Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994). However, this does not mean the Court is required to accept unsupported allegations devoid of sufficient facts or claims. Pleading guidelines are provided in the Federal Rules of Civil Procedure ("Fed R. Civ. P"). Specifically, Rule 8 provides that a pleading which sets forth a clam for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." See FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation

2

marks and citations omitted). Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d). Ultimately, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of a defendant's duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted).

### B. Complaint

Plaintiff purports to commence this action pursuant to 42 U.S.C. § 1983, alleging

3

that his former employer Niskayuna Central School District, and various individuals, violated Title VII when they denied him a full-time cleaner position "due to my race/retaliation for complaining to his [Shawn King, Sr.'s] boss" and "unlawfully terminated" him "for filing a complaint w/ NYS DHR Anthony Lento[.]" Compl. at 2. Plaintiff further alleges that defendant Shawn King, Sr. "conspired to fire me for not being able to complete task." Id. Plaintiff argues that defendants "unlawfully subjected plaintiff to a hostile work environment which is a violation of state law." Id. at 4. Plaintiff demands "reinstatement, damages for loss [sic] wages, emotional distress, 1.5 million dollars." Id. at 5. Plaintiff attaches to his complaint a counseling letter from Mark A. Treanor, Director of Student and Staff Support Services, and a Right to Sue letter from the U.S. Equal Employment Opportunity Commission dated February 22, 2018.

### C. Analysis

Liberally construed, it appears that plaintiff appears to set forth a claim for race discrimination and retaliation in violation of Title VII and New York State Human Rights Law. It appears that plaintiff alleges that he was denied a full-time position due to his race or in retaliation for complaining to an employee's boss about the employee, and was terminated due to his inability to complete an unidentified task and/or for filing a complaint with the New York State Division of Human Rights. See generally Compl at 2. First, plaintiff's complaint fails to comply with Rules 8 or 10 of Fed. R. Civ. P. Plaintiff fails to set forth sufficient facts for the Court to understand plaintiff's claims, and further fails to set forth his claims or defenses in numbered paragraphs, "each limited

4

as far as practicable to a single set of circumstances." FED. R. CIV. P. 8, 10.  Second, insofar as plaintiff names individual defendants, it is well-settled law in this Circuit that "there exists no individual liability under Title VII."  Schallop v. New York State Dept. of Law, 20 F. Supp.2d 384, 397 (N.D.N.Y. 1998) (citing Tomka v. Seiler Corp., 66 F.3d 1295, 1313 (2d Cir. 1995)).  Thus, any claims against the individual defendants pursuant to Title VII must be dismissed with prejudice.

Moreover, plaintiff's complaint as a whole fails to set forth sufficient factual support.  Plaintiff does not identify his race in order to demonstrate that he is a member of a protected class under Title VII.  See generally Lyman v. NYS OASAS, 928 F. Supp. 2d 509, 519 (N.D.N.Y. 2013) ("[T]he Second Circuit in Holcomb v. Iona College, 521 F.3d 130 (2d Cir. 2008), held that 'an employer may violate Title VII if it takes action against an employee because of the employee's association with a person of another race.'") (citation omitted).  Further, plaintiff does not identify the "task" he was unable to complete, and it is unclear whether he is alleging that the termination was for filing the Division of Human Rights Complaint or due to defendant King's belief that plaintiff was unable to complete an unidentified task.  The only way for the Court to glean some factual background is from looking to a counseling letter, dated May 26, 2017, that plaintiff attached to his complaint regarding his being accused of entering a "secure site," a supervisor's office, after hours without a "legitimate circumstance" for entering the office.  Compl. at 6-7.  However, this counseling letter does not appear to have resulted in plaintiff's termination, and merely sets forth a warning.  Id.

A plaintiff can state a claim for individual liability under the New York State

5

Human Rights Law ("NYSHRL") where the individual was a supervisor who "exercise[d] control over the terms and conditions of the plaintiff's employment . . . 'the power to hire and fire the plaintiff.'" Schallop, 20 F. Supp.2d at 397.  However, as plaintiff's complaint is almost entirely lacking in facts, the Court is unable to determine which defendants, if any, had the power to hire or fire plaintiff such that plaintiff may be able to proceed against them under the NYSHRL.  See id.  Accordingly, it is recommended that insofar as plaintiff's complaint can be read as attempting to set forth claims against the individual defendants under the NYSHRL, such claims be dismissed without prejudice and with opportunity to amend.  Should plaintiff wish to restate such claims against the individual defendants in an amended complaint, he may only do so against the individual defendants who had the power to hire or fire him, and must identify such defendants as having such power or authority.

Further, although plaintiff's complaint names several individual defendants, other than identifying Shawn King, Sr., plaintiff fails to identify how any of the other individual defendants were personally involved in violating his rights.  Personal involvement of defendants is a prerequisite to a section 1983 suit.  See, e.g., Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994).  Plaintiff must identify how each individual and organization was directly involved in a violation of his rights under the NYSHRL or Title VII.

Insofar as plaintiff argues that King conspired to terminate him, plaintiff fails to sufficiently allege a factual basis for a conspiracy claim, even at the pleading stage.  To allege a conspiracy claim under §1985, a plaintiff must allege:

> "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the

> equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." United Bhd. of Carpenters v. Scott, 463 U.S. 825, 828–29, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983). "[A] plaintiff must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." Webb v. Goord, 340 F.3d 105, 110 (2d Cir.2003). The pleading standard for a conspiracy claim is demanding. See Kiryas Joel Alliance v. Village of Kiryas Joel, 495 Fed.Appx. 183, 190 (2d Cir. 2012) (noting that vague and conclusory allegations that defendants entered into unlawful agreement are insufficient); Gyadu v. Hartford Ins. Co., 197 F.3d 590, 591 (2d Cir. 1999) (same). Even detailed allegations of parallel conduct do not suffice without some factual basis for inferring the existence of an agreement. See Twombly, 550 U.S. 544, 127 S.Ct. 1955.

Rother v. NYS Dept. of Corr. and Community Supervision, 970 F. Supp.2d 78, 103 (N.D.N.Y. 2013).  Here, plaintiff identifies no other individuals with whom King allegedly conspired, nor does he explain the task he was unable to complete, and his reason for being unable to complete it.  Plaintiff provides no indication that King conspired to fire him for a reason that would violate the NYSHRL.   Further, this Court has held that "[e]mployees of a single corporate entity are legally incapable of conspiring together under the intracorporate conspiracy doctrine" which "applies to public entities and their employees." Burns v. City of Utica, 2 F. Supp.3d 283, 294-95 (internal citations omitted).  Thus, to the extent plaintiff may be contending that King conspired with other employees of the Niskayuna Central School District, it would not appear that such claim could stand.  However, giving plaintiff special solicitude, as it is entirely unclear from his complaint the basis of his conspiracy claim, to the extent plaintiff may contend that King

conspired with a person or persons from outside of the school district, it is possible that such claim may not be barred by this reason. Accordingly, it is recommended that plaintiff's apparent conspiracy claim be dismissed without prejudice and with opportunity to amend in order to cure the defects noted herein, should plaintiff wish to proceed with a such claim.

Further, insofar as plaintiff contends that King denied him a full-time position due to plaintiff's complaining about King to King's boss, plaintiff has not provided enough factual support to demonstrate that complaining to King's boss about King is protected activity. See, e.g., Rumsey v. Northeast Health, Inc., 89 F. Supp. 3d 316, 332 (N.D.N.Y. 2015) ("To establish a prima facie case of retaliation [under Title VII], plaintiff must show that: (1) she participated in a protected activity; (2) the employer was aware of that activity; (3) she suffered an adverse employment action; and (4) there was a causal connection between her engagement in the protected activity and the adverse employment action.") (citation omitted). "Under Title VII, protected activity includes both 'opposing discrimination proscribed by the statute and . . . participating in Title VII proceedings.'" Bowen-Hooks v. City of New York, 13 F. Supp.3d 179, 221 (E.D.N.Y. 2014) (citation omitted).

Similarly, insofar as plaintiff alleges that defendant King denied him a full time position due to his race, as this Court has indicated, plaintiff cannot state a claim under Title VII against individual defendants. Insofar as plaintiff is attempting to allege that King's failure to award him a full-time position due to his race, apparently in violation of NYSHRL, as indicated above, plaintiff must allege that King had the power to hire or fire

8

him in order to bring a NYSHRL claim against him.

Ordinarily, a court should not dismiss a complaint filed by a pro se litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." Branum v. Clark, 927 F.2d 698, 704-05 (2d Cir. 1991); see also FED. R. CIV. P. 15(a) ("The court should freely give leave when justice so requires."). In light of plaintiff's pro se status, it is recommended that the dismissal be without prejudice and with opportunity to amend so that plaintiff may, if he chooses, attempt to submit a complaint that complies with the pleading requirements of Federal Rules of Civil Procedure 8 and 10. Plaintiff is advised that, should plaintiff amend his complaint, the amended complaint will supercede and replace the original complaint in its entirety; thus, it "renders [any prior complaint] of no legal effect." International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1977), cert. denied sub nom., Vesco & Co., Inc. v. International Controls Corp., 434 U.S. 1014, (1978); see also Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir.1994). Therefore, plaintiff's amended complaint, should he choose to file one, must include all of the factual allegations and legal claims he wishes to raise against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in this action. Plaintiff must also include any attachments or exhibits with his amended complaint, because should plaintiff file an amended complaint, any exhibit submitted with the original complaint will not be considered. Plaintiff is not permitted to re-plead any claims that this Court dismisses with prejudice.

### III.  Conclusion

**WHEREFORE**, for the reasons stated herein it is hereby

**ORDERED**, that plaintiff's motion to proceed in forma pauperis, Dkt. No. 2, is **GRANTED**, and it is

**RECOMMENDED**, that plaintiff's Title VII claims against the individual defendants be dismissed **with prejudice and without opportunity to amend**; and it is further

**RECOMMENDED**, that the following of plaintiff's claim be dismissed **without prejudice and with opportunity to amend**: Title VII claims against defendants Niskayuna Central School District and Niskayuna Central School District Board of Education; NYSHRL claims against the individual defendants; conspiracy claim; and it is further

**RECOMMENDED**, that should the District Judge adopt this Report-Recommendation and Order, plaintiff be given thirty (30) days from the date of the Order adopting this Report-Recommendation and Order to file an amended complaint, and if plaintiff does not file an amended complaint, it will be deemed as an abandonment of any claims for which leave to replead has been granted and will result in judgment being entered against plaintiff on these claims without further order by the Court.

**IT IS SO ORDERED.**

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report.  Such objections shall be filed

10

with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: June 22, 2018
      Albany, New York

*[Signature: Christian F. Hummel]*
Christian F. Hummel
U.S. Magistrate Judge

11